UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CYNTHIA M. TOWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:12cv105 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income (SSI). 42 U.S.C. §423; 42 U.S.C. §1383c. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. Gotshaw v. Ribicoff, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); Garcia v. Califano, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. See Jeralds v. Richardson, 445 F.2d 36 (7th Cir. 1971); Kutchman v. Cohen, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." Garfield v. Schweiker, 732 F.2d 605, 607 (7th Cir. 1984) citing Whitney v. Schweiker, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Rhoderick v. Heckler, 737 F.2d 714, 715 (7th Cir. 1984) quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); see Allen v. Weinberger, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." Garfield, supra at 607; see also Schnoll v. Harris, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since October 14, 2009, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairment: a history of third degree burns from an extensive burn injury as a child and residual pain from extensive abdominal wall skin grafting and scarring. (Exhibits B2F and B5F) (20 CFR

2

416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) (i.e. lifting/carrying/pushing/pulling up to 20 pounds occasionally and 10 pounds frequently; sitting 6/8 hours in an 8 hour workday; and, standing/walking, in combination, up to 6/8 hours in an 8 hour workday), except she is further limited to occasional climbing of stairs and ramps, occasional balancing, stooping, kneeling, crouching, and reaching out from the body; can never climb ladders, ropes or scaffolding, or do overhead reaching; and needs to avoid concentrated exposure to wetness, slippery, uneven surfaces and work at unprotected heights.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on June 6, 1965 and was 44 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant's past relevant work is unskilled (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 14, 2009, the date the application was filed (20 CFR 416.920(g)).

(Tr. 10-15).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff, proceeding *pro se*, filed her opening brief on September 26, 2012. On November 7, 2012, the defendant filed a memorandum in support of the Commissioner's decision, and on November 20, 2012, Plaintiff filed her reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. See Singleton v. Bowen, 841 F.2d 710, 711 (7th Cir. 1988); Bowen v. Yuckert, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

Nelson v. Bowen, 855 F.2d 503, 504 n.2 (7th Cir. 1988); Zalewski v. Heckler, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord Halvorsen v. Heckler, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff filed an application alleging disability in July 2000. The Social Security Administration denied her application initially and upon reconsideration, and Plaintiff requested a hearing. In May 2011, an ALJ held a hearing, at which Plaintiff and a vocational expert testified. The ALJ issued a decision in June 2011, finding that Plaintiff had "severe" physical impairments that significantly affected her ability to work but none that met or medically

equaled a listed impairment. The ALJ also found that Plaintiff retained the residual functional capacity (RFC) to perform a range of light work activity that required only occasional reaching and postural movements, no climbing ladders or scaffolds, no overhead reaching, and no work around wet/slippery/uneven surfaces or unprotected heights. Considering Plaintiff's age, education, work experience and RFC, and relying upon the testimony of a vocational expert, the ALJ concluded that Plaintiff was not disabled and not entitled to benefits. This decision became final and appealable when the Appeals Council denied Plaintiff's request for review.

Plaintiff, born in1965, was 46 years old at the time of the ALJ's decision and had a high school education (Tr. 29, 31). At the outset of the hearing, the ALJ fully explained to Plaintiff the purpose and intent of the hearing and informed her of the right to representation; the ALJ alerted Plaintiff to the advantages of counsel, informed her about contingency fee agreements, and explained that any attorney fee would be limited to 25% at the most and would have to be approved by the ALJ (Tr. 23-28). Plaintiff nonetheless waived her right to representation (Tr. 28, 97).

Plaintiff testified that she stopped working not because of her impairments but to care for her husband (Tr. 32). She alleged disability due to residual symptoms from a burn injury to her legs and stomach when she was a girl (Tr. 35-36). Plaintiff admitted that she exerted herself more than her physicians advised following her skin graft procedures and that she experienced pain due to thin skin, particularly when stretching or reaching (Tr. 37-39). Plaintiff testified that she did not have any limitations on her ability to sit, stand, or use her hands for gross or fine manipulation (Tr. 46).

Vocational expert Sharon Ringenberg also testified at the hearing. The ALJ asked the

5

vocational expert whether she could identify any jobs that could be performed by an individual with Plaintiff's age, education, and work experience who was limited to light exertion work that required occasional postural movements, no climbing of ladders or scaffolds, no work around heights or slippery/uneven surfaces, occasional reaching to the front, and no reaching overhead (Tr. 56, 58). The vocational expert testified that such an individual could perform approximately 33,000 light exertion jobs and 5,400 sedentary exertion jobs in the region in which Plaintiff lived (Tr. 57-59).

There is very little evidence of regular treatment for any condition and no evidence of treatment around the time Plaintiff alleges she became totally disabled in early 2000. A June 1999 treatment note reveals that Plaintiff had normal range of motion throughout her body; Plaintiff's caseworker reported that she was not taking any medication or receiving any treatment therapies at that time and that she did not observe any functional limitations stemming from Plaintiff's burn injuries (Tr. 178-80). Dr. Abel, who examined Plaintiff in June, reported that Plaintiff needed plastic surgery of some sort and opined that she could not stoop, bend or use her abdominal wall or upper legs (Tr. 183-88). Treatment notes from 2004 through 2008 show that Plaintiff received occasional treatment for routine illnesses (Tr. 211-12).

In December 2009, Plaintiff underwent a consultative examination at the request of the agency (Tr. 196-97, 199). He observed that Plaintiff had a normal gait and that she was able to move about the examination room, walk, squat, and hop normally; range of motion was normal and the only positive finding was slight tenderness in Plaintiff's abdomen (Tr. 196-97). Plaintiff also had normal strength, sensation, and reflexes (Tr. 197). Following that examination, two state agency physicians reviewed the evidence and opined that Plaintiff could perform light exertion

work activity with occasional postural movements such as stooping and crouching (Tr. 201-08).

The ALJ found that Plaintiff could perform a range of light work despite her impairments (Tr. 11). Considering Plaintiff's vocational profile and RFC, an impartial vocational expert testified that Plaintiff could perform approximately 38,000 light and sedentary jobs in the region in which she lived (Tr. 57-59). Based on that testimony, the ALJ found that Plaintiff could perform a significant number of jobs and was therefore not disabled (Tr. 14-15).

The Commissioner contends that the ALJ properly determined Plaintiff's residual functional capacity (RFC) in light of all the evidence of record, including the medical opinions. The determination of an individual's RFC need not be based on a medical opinion because it is a determination reserved to the ALJ as fact-finder for the Commissioner. 20 C.F.R. § 404.1527(e)(2). It was proper for the ALJ to assess all the medical and other evidence and determine Plaintiff's residual functional capacity. The Commissioner further contends that, in any event, the ALJ's RFC finding is supported by the benign physical examination findings and the opinions of two reviewing state agency physicians. The Commissioner points out that the ALJ limited Plaintiff further than the state agency physicians found necessary by limiting her to work that required only occasional reaching in front of her, no overhead reaching, and no work around unprotected heights or on uneven/slippery surfaces (Tr. 11).

Dr. Abel, who appears to have examined Plaintiff once in June 1999, opined that Plaintiff could not stoop, bend, or use her abdominal wall or upper legs (Tr. 183-88). The Commissioner argues that the ALJ reasonably determined that Dr. Abel's opinion was entitled to little weight because he did not have a longitudinal relationship with Plaintiff, he did not provide her with any treatment, and his opinion regarding Plaintiff's abilities contrasted with Plaintiff's actual work

7

activity at that time (Tr. 12).

In her briefs, the Plaintiff states that she has been to doctors and they cannot do anything for her. She reiterates much of the information that was testified to at the hearing, and emphasizes that her skin grafts are thin and painful. She argues that her limitations are greater than those the ALJ recited in his decision, but does not support this claim with any evidence in the record. Plaintiff also disputes the Commissioner's assertion that she quit her job as a newspaper delivery person to care for her husband. She now states that she quit her job when her husband became ill because he helped her deliver the papers and she could not do the job alone after he became ill. However, in her testimony to the ALJ she specifically stated that after her husband's first surgery they had to drive back and forth to Cleveland every other day and "so I couldn't do that job and travel back and forth." (Tr. 32)

This court finds that the ALJ properly considered the extremely limited treatment history and the relative absence of supporting objective medical evidence for Plaintiff's claims of total disability. It is well-settled that a claim for disability benefits cannot be supported by the claimant's subjective complaints alone. 20 C.F.R. § 404.1529(a) (Agency considers the extent to which symptoms can reasonably be accepted as consistent with the objective medical and other evidence); *Sienkiewicz v. Barnhart*, 409 F.3d 798, 804 (7th Cir. 2005). In evaluating the credibility of Plaintiff's subjective complaints, the ALJ also properly considered Plaintiff's testimony that it was painful to reach overhead or stretch; Plaintiff's testimony that she had no limitations on sitting or standing; the fact that Plaintiff stopped working due to her husband's illness and not due to the severity of her impairments; and the absence of any evidence showing that Plaintiff's condition was worse during the relevant time period than when she was working

8

(Tr. 11-14). The ALJ's credibility assessment in this case was particularly lengthy and thorough and was certainly not "patently wrong" as it would need to be in order for this Court to reverse it. *Schmidt v. Barnhart*, 395 F.3d 737, 746-47 (7th Cir. 2005); *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995).

Accordingly, as the ALJ's decision is sufficiently supported by the record, the decision to deny benefits will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: December 10, 2012.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court